# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
EDWARD FRANCIS UPTON,            *
                                 *    No. 18-1783V
         Petitioner,             *    Special Master Christian J. Moran
                                 *
v.                               *
                                 *    Filed: September 24, 2020
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *    Decision dismissing case;
                                 *    failure to prosecute.
         Respondent.             *
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Matthew J. Plache, Law Office of Matthew J. Plache, Wolfeboro, NH, for petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Edward Francis Upton filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34 (2012) on November 19, 2018. The petition alleged that he developed Guillain-Barré syndrome as a result of the influenza ("flu") vaccination he received on October 19, 2015. The information in the record, however, does not show entitlement to an award under the Program.

### I.   Procedural History

On November 19, 2018, Mr. Upton filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10 et seq., alleging that he suffered from Guillain-Barré Syndrome ("GBS") as a result of the influenza ("flu") vaccine he received on October 19, 2015. See Petition.

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

After being ordered to file medical records and a statement of completion, Mr. Upton requested, and was granted, five motions for extension of time. He then filed some medical records and statement of completion on April 12, 2019. The Secretary filed a status report on May 21, 2019, listing outstanding medical records for Mr. Upton to file. On July 11, 2019, the case was reassigned to the undersigned. Since the reassignment, Mr. Upton has filed more but not all of the medical records requested by the Secretary. The Secretary filed a status report on January 2, 2020, listing medical records still outstanding.

After a status conference held on March 12, 2020, the undersigned ordered Mr. Upton to file the remaining requested medical records and a status report addressing the sets of records identified in the Secretary's January 2, 2020 status report (or in the alternative, a records request for any records that were unobtainable), by April 27, 2020. CM/ECF No. 33. Mr. Upton did not meet this deadline. After a status conference held on May 5, 2020, Mr. Upton was again ordered to file these medical records, or proof of a records request for any unobtainable records, by May 12, 2020. Mr. Upton again did not meet this deadline and was reminded of the overdue filing in an email from chambers on May 27, 2020. After Mr. Upton's counsel did not respond to this email, the undersigned issued an order extending the deadline until June 19, 2020. To date, Mr. Upton has not filed the ordered medical records or status report.

The undersigned then issued an order to show cause on July 10, 2020. In that order, Mr. Upton was instructed to show cause as to why this case should not be dismissed by September 8, 2020. To date, Mr. Upton has not responded.

## II.  **Medical History**

As described in the procedural history, Mr. Upton has not complied with orders to submit records. However, the submitted information supports the following abbreviated chronology.

Before vaccination, Mr. Upton had a history of neurological issues and "a long history (years) of fluctuating generalized weakness." Exhibit 1 at 36. Specifically, in years prior to his vaccination, he had been "treated for neurological and muscular problems in his lower back and legs." Pet. ¶ 3. His medical records from Reno Neurological also chronicle pre-vaccination neuromuscular issues. See, e.g., exhibit 4 at 9 (describing Mr. Upton on February 24, 2014, as "a 63-year-old male who I have seen in the distant past for a variety of complaints to include

3

distal paresthesias, muscle twitches, easy fatigability, and paresthesias . . . no definite neuromuscular diagnosis to date"). Exhibit 7 and exhibit 9 document his pre-vaccination history of similar symptoms, albeit without a clear diagnosis. See, e.g., exhibit 7 at 4 (Mayo Clinic 2014); exhibit 9 at 7 (neurologist Dr. Louie records from 2011). Amyotrophic lateral sclerosis ("ALS") was at one point considered as a possible diagnosis for Mr. Upton's symptoms of "twitching in his left low back," but was eventually ruled out. Exhibit 7 at 4 ("He has been evaluated by several neurologists not only in the Reno, Nevada, area but also at UCSF as the patient at one point had been given a diagnosis of ALS based on an EMG . . . A diagnosis of ALS has been refuted not only by a local neurologist but also by a neurologist at UCSF and Forbes North."). This pre-vaccination history of symptoms Mr. Upton attributes to his GBS is evident in other medical records filed, including records from his visits to a sleep specialist 2 days after his vaccination, in which a long-term history of generalized weakness is suggested. See exhibit 3 at 16 ("I am constantly on the verge of sleep when inactive. My muscles feel exhausted.").

Mr. Upton received the allegedly causative flu vaccination on October 19, 2015. Mr. Upton alleges that 38 days after his vaccination, he began experiencing symptoms of GBS on November 26, 2015. Pet. ¶ 4. He states that he first noticed "a growing weakness in his hands, muscle soreness and tingling" during the Thanksgiving holiday. Id. ¶¶ 4-5. Specifically, he states that he first experienced "a severely painful sensation in [his] right hand" while shaking a friend's hand at a Thanksgiving gathering. Exhibit 6 (Pet'r's Aff.) ¶ 9. He further states that, "[i]n in the ensuing weeks, [he] began noticing a growing weakness in [his] hands, muscle soreness and tingling. [He] began to experience difficulty holding objects and noticed [he] was dropping things. [He] also began having balance problems." Id. ¶ 10. He also documents the worsening of his symptoms following the alleged initial onset at Thanksgiving. Id. ¶¶ 12-19.

It appears that the first medical record after vaccination came from a visit to an emergency room on January 28, 2016. On January 28, 2016, Mr. Upton visited the emergency room while on a trip in Florida, complaining of "generalized weakness and slurred speech since this a.m." Exhibit 1 at 10. No diagnosis was made during his initial evaluation and Mr. Upton was admitted to the hospital for further monitoring. Id. at 15.

A doctor at the University of Miami Hospital recorded a 2-day history of his symptoms, exhibit 2 at 17, and diagnosed him with "a Miller Fisher variant of the Guillain-Barré Syndrome," id. at 22. Mr. Upton's "long history (years) of

4

fluctuating generalized weakness" was also noted. Id. at 36. Exhibits 8, 11a, 11b, and 12 document his GBS treatment following his GBS diagnosis in January 2016. Though Mr. Upton's flu vaccination is mentioned in these records, there is no clear attribution of his GBS to his vaccine. See exhibit 11a at 961. His diagnosis date is consistently reported as January 2016.

### III.     Standards for Adjudication

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

### IV.     Analysis

While Mr. Upton appears to be claiming an on-Table injury, he may also be asserting an off-Table claim. Therefore, both causes of action are reviewed.

For an on-Table claim, the Vaccine Table affords a presumption of causation when GBS develops 3-42 days after a flu vaccination. 42 U.S.C. § 100.3(a) ¶ XIV. In this case, Mr. Upton's medical records do not support a diagnosis of GBS within the applicable time frame to establish a Table injury as alleged. He has also been unresponsive to requests and deadlines set to develop his case with further medical records or support. Mr. Upton alleges that he began experiencing symptoms of GBS on November 26, 2015, which was 38 days after his vaccination on October

19, 2015.  Pet. ¶ 4.  However, he was not officially diagnosed with GBS until a hospital admission occurring between January 30, 2016, and February 11, 2016.  Exhibit 2 at 22.

As stated above, the undersigned may not make a finding of causation based on petitioner's assertions alone, without support from medical records and/or expert testimony.  42 U.S.C. § 300aa-13(a)(1); Shyface v. Sec'y of Health & Human Servs., 165 F.3d 1344, 1349 (Fed. Cir. 1999).  Here, though petitioner alleges his symptoms began in November 2015, and thus that the onset of his GBS occurred within the time frame prescribed by the Table, there is no mention of his symptoms in the medical records until his emergency room visit on January 28, 2016, in which a mere 2-day history of symptoms is recorded.  Mr. Upton has not persuasively shown that the January 2016 medical records are erroneous.  See Cucuras v. Sec'y of Health & Human Servs., 993 F.2d 1525, 1528 (Fed. Cir. 1993) (reports prepared during medical treatment are presumed reliable).  Moreover, even if Mr. Upton's affidavits could be credited, the presence of a painful weakness does not necessarily mean that he was suffering from GBS around Thanksgiving.  Mr. Upton is required to present the report from an expert that he suffered from GBS at that time.  See Waterman v. Sec'y of Health & Human Servs., 123 Fed. Cl. 564, 574 (2015).  Consequently, Mr. Upton has not established he suffered an on-Table GBS.

As an alternative, Mr. Upton might seek compensation for an off-Table claim.  To establish causation, petitioners bear a burden "to show by preponderant evidence that the vaccination brought about [the vaccinee's] injury by providing: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Mr. Upton has presented no expert testimony or other evidence to establish a medical theory connecting his flu vaccine to his GBS.  Neither has he addressed a logical sequence of cause and effect, or a proximate temporal relationship outside of his on-Table claim.

For these reasons, and given that Mr. Upton has not submitted any additional medical records or expert testimony to support his claim that he suffered GBS within 3-42 days following his flu vaccination on October 19, 2015, he has failed

6

to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.** <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master
